# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| CHASE RICHARD CALDWELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-379-PRC |
| | ) | |
| DIANNA HARRIS and ANDREA FARMER, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants Dianna Harris and Andrea Farmer's Motion to Dismiss Plaintiff's Complaint and for Award of Rule 11 Sanctions [DE 7], filed on October 21, 2015. Because Plaintiff's allegations are barred by res judicata, the Court dismisses this case.

## PROCEDURAL BACKGROUND

On October 1, 2015, Plaintiff Chase Richard Caldwell filed a Complaint against Dianna Harris and Andrea Farmer, alleging the following facts:

> On March 3rd, 2014 I was injected with 50mg of Haldol Decanoate against my will by Dianna Harris at Porter Starke Services Inc. 701 Wall Street Valparaiso, IN 46383.
>
> On March 7th, 2014 I was injected with 50mg of Haldol Decanoate against my will be Andrea Farmer at Porter Starke Services Inc. 701 Wall Street Valparaiso, IN 46383.
>
> On March 3rd and March 7th while a patient at Porter Starke Services as an involuntary patient my rights were violated. Indiana constitutional law article one bill of rights section one gives me rights against harm.
>
> Federal statutes Title 18, U.S.C. Section 245 Federally Protected Activities (1)(2) and Title 18 U.S.C., Section 242 Deprivation of rights Under color of law were violated when I was injured by these injections.

(Compl. 2). Plaintiff filed this Complaint on a form for claims under 42 U.S.C. § 1983.

On October 21, 2015, Defendants filed the instant motion. Plaintiff has not filed a response, and the time to do so has passed.

On December 21, 2015, Plaintiff filed a Motion for Leave to Amend Pleadings. *See* (docket entry 14). On December 22, 2015, Defendants filed a response in opposition, arguing that amendment would be futile for the reasons set forth in their Motion to Dismiss. *See* (docket entry 18). Plaintiff did not file a reply.

On January 8, 2016, January 14, 2016, January 27, 2016, and February 5, 2016, Plaintiff filed additional Motions for Leave to Amend Pleadings. *See* (docket entries 23, 31, 39, 46). Defendants have filed additional Motions to Strike, asking the Court to strike the subsequent Motions for Leave to Amend Pleadings. *See* (docket entries 24, 41, 48).

On January 19, 2016, upon consent of the parties, this matter was reassigned to the undersigned United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**ANALYSIS**

Defendants Dianna Harris and Andrea Farmer ask the Court to dismiss the cause of action pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5), and (6).

As an initial matter, in the Motion and the opening paragraph of the Memorandum of Law, Defendants invoke Federal Rule of Civil Procedure 12(b)(1). However, Defendants offer no argument that the Court lacks subject matter jurisdiction. Because the Complaint is brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Defendants argue for dismissal of Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on the basis of res judicata. Although affirmative defenses, such as res judicata, are normally raised in an answer and then a motion for judgment on the pleadings under Rule 12(c), a motion to dismiss under 12(b)(6) is proper when the complaint itself discloses the basis for the affirmative defense. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (finding that a *res judicata* defense can be "a proper basis for a Rule 12(b)(6) motion" when the complaint includes the facts necessary for the defense, invoking the principle that a "plaintiff can plead himself out of court"); *Forty One News, Inc. v. Cty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

Plaintiff Chase Richard Caldwell previously filed two separate federal complaints against these same Defendants Dianna Harris and Andrea Farmer under cause numbers 2:15-CV-157-JD and 2:15-CV-182-JD. In each of those cases, the initial complaint was stricken prior to service and Plaintiff was given leave to file an amended complaint.

On May 28, 2015, Plaintiff filed an Amended Complaint in cause number 2:15-CV-157, alleging, in relevant part, federal and state law claims against Dianna Harris and Andrea Farmer (as well as a third defendant) arising out of the following incidents:

> On February 21st Verma Amandeep sought to confine myself Chase Caldwell and prolong my original 72 hour involuntary commitment by filing a petition for temporary commitment after emergency detention . . . . I could not willfully leave the facility of Porter Starke.
>
> . . .
>
> On March 3rd, 2014, I was injected with 50 mg of haloperidol decanoate by Dianna Harris . . . . On March 7th, 2014, Andrea Farmer injected me with 50 mg of Haloperidol Decanoate . . . .

(Def. Br., Ex. C). The Amended Complaint was brought under 18 U.S.C. § 242, invoking the Fourteenth Amendment right to liberty, as well as Indiana Code §§ 12-26-5-1(a), 12-26-6-1, 12-7-2-130(1), and 12-7-2-53.

On June 15, 2015, Plaintiff filed an Amended Complaint in cause number 2:15-CV-183, alleging, in relevant part, federal and state law claims against Dianna Harris and Andrea Farmer arising out of the following incidents:

> On February 21st Dr. Verma Amandeep sought to confine myself Chase Caldwell and prolong my original 72 hour involuntary commitment by filing a petition for temporary commitment after emergency detention . . . . I was present at Porter Starke Facilities for 17 days. My parents in which both own property and a home were both contacted and disagreed with my involuntary commitment.

> . . . . On March 3rd, Dr. Verma Amandeep sought injection of Haloperidol Decanoate for myself, Chase Caldwell by Dianna Harris, in which I was injected with a hypodermic needle into my body 50 mg of Haloperidol by Dianna Harris. The injection was unpleasant and caused bodily injury . . . . Again on March 7th I received a prescription while locked into Porter Starke Services facility another injection of 50 mg of Haloperidol by hypodermic needle and this time by another nurse Andrea Farmer . . . . The medication injection caused me bodily injury and was sharp and uncomfortable.

(Def. Br., Ex. D). This Amended Complaint was also brought under 18 U.S.C. § 242, invoking the Fourteenth Amendment right to liberty, as well as Indiana Code §§ 12-26-5-1(a), 12-26-6-1, 12-7-2-130(1), and 12-7-2-53.

On July 16, 2015, Judge Jon DeGuilio entered one Opinion and Order that dismissed *with prejudice* both of Plaintiff's prior causes of action against Defendants Dianna Harris and Andrea Farmer—2:15-CV-157 and 2:15-CV-182. The Opinion and Order was based on the Court's finding that Plaintiff had failed to state a federal claim with respect to these Defendants and others.

Res judicata is a rule "of public policy and of private peace." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) (quoting *Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917)).

> Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim. Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly.

*Id*. (citing Charles Alan Wright, et al., 18 Federal Practice and Procedure § 4403 (2d ed. 2002)). In federal court, a defense of res judicata has three elements: (1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts). *Id*. (citing *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)).

All three elements are met. First, Chase Richard Caldwell is the plaintiff in all the cases, and Dianna Harris and Andrea Farmer are defendants in all the cases. Second, there was a final judgment on the merits in 2:15-CV-157 and 2:15-CV-182, as both were dismissed with prejudice. Third, the instant case is the third cause of action filed against Defendants Harris and Farmer for the same alleged events of March 3 and March 7. A comparison of the factual allegations of the instant Complaint with those of the Complaints in 2:15-CV-157 and 2:15-CV-182, both of which were dismissed on July 16, 2015, demonstrates that all three actions arise out of the same injections of Haloperidol Decanoate while Plaintiff was involuntarily committed to Porter Starke Services on March 3 and March 7, 2014.

Although Plaintiff states a different legal theory in the instant lawsuit, this attempt to maintain multiple actions arising from the same transactions or events, called "claim splitting," is barred by the doctrine of res judicata. *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata."); *Palka*, 662 F.3d at 437 (dismissing claims brought under Title VII because they were premised on the same facts as the previous § 1983 lawsuit on which there was a final judgment on the merits). It does not matter that one of the earlier suits brought by Plaintiff included a third defendant. *Palka*, 662 F.3d at 437 (citing *Czaniecki v. City of Chiago*, 633 F.3d 545, 549 (7th Cir. 2011)).

Finally, nothing in any of Plaintiff's Motions to Amend can overcome the defense of res judicata. All of the proposed amended complaints are based on the injections by Dianna Harris and Andrea Farmer on March 3 and March 7, 2014.

6

Accordingly, Plaintiff's Complaint is barred by res judicata, and the Court dismisses this cause of action with prejudice. Therefore, it is unnecessary for the Court to consider the basis for dismissal for insufficient process and insufficient service of process under Rules 12(b)(4) and 12(b)(5).

Finally, Defendants ask the Court to grant the sanctions under Federal Rule of Civil Procedure 11. Defendants argue that Plaintiff's filing of multiple factually and legally insufficient Complaints is harassing and serves no purpose other than to require the Defendants to incur needless attorney's fees. Defendants also note that Plaintiff's pro se status does not insulate him from the imposition of Rule 11 sanctions. However, Defendants' request fails to meet two requirements of Rule 11: (1) the request for sanctions was not filed as a separate motion and (2) there is no evidence of compliance with the safe harbor provision, namely that Plaintiff was given twenty-one days' notice within which to withdraw his Complaint before Defendants filed the motion for sanctions with the Court. *See* Fed. R. Civ. P. 11(c)(2); *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011) ("Rule 11(c)(2) provides that a motion for sanctions must be served on the opposing party, but that it cannot be filed with the court until 21 days have passed from the date of service of the motion."); *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998) (noting that a request for sanctions must "be made in a separate motion rather than as an appendage to another motion or responsive memorandum"). Accordingly, the Court denies the request for an award of Rule 11 sanctions.

## CONCLUSION

Based on the foregoing, the Court hereby:

(1) **DENIES** all of Plaintiff's Motions for Leave to Amend Complaint [DE 14, 23, 39, 46];

7

(2) **DENIES as moot** all of Defendants' Motions to Strike [DE 24, 41, 48];

(3) **GRANTS in part** and **DENIES in part** Defendants Dianna Harris and Andrea Farmer's Motion to Dismiss Plaintiff's Complaint and for Award of Rule 11 Sanctions [DE 7], granting the Motion to Dismiss and denying the request for an award of Rule 11 sanctions.

The Court **ORDERS** that this matter is **DISMISSED with prejudice**.

SO ORDERED this 10th day of February, 2016.

                                       s/ Paul R. Cherry
                                       MAGISTRATE JUDGE PAUL R. CHERRY
                                       UNITED STATES DISTRICT COURT

cc:     Chase Richard Caldwell, Plaintiff